# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| John Wesley Catto, | ) | No. CV 09-2408-PHX-JAT (JRI) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Correctional Health Services, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff John Wesley Catto, who is confined in the Arizona State Prison Complex-Phoenix, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1) and an Application to Proceed *In Forma Pauperis* (Doc. #3). The Court will dismiss the Complaint with leave to amend.

## I.    Application to Proceed *In Forma Pauperis* and Filing Fee

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $1.51. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.   Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against

a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u>

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Id.</u> (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u> at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. <u>Id.</u> at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." <u>Pliler v. Ford</u>, 542 U.S. 225, 231 (2004); <u>see also</u> <u>Lopez</u>, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved

1  by amendment.

2  **III.    Complaint**

3      Named as Defendants in the Complaint are: (1) Correctional Health Services,

4  "Director at Maricopa County Jail"; (2) Joseph M. Arpaio, Maricopa County Sheriff; and

5  (3) Arizona Department of Corrections, "medical staff/medical record staff at Arizona State

6  Prison Complex[-]Eyman."

7      Plaintiff alleges three counts in the Complaint.  In Count I, Plaintiff claims that he was

8  subjected to cruel and unusual punishment after he was incarcerated in the Maricopa County

9  Fourth Avenue Jail because he had to wait for three weeks to receive his medication, Zoloft,

10  for anxiety and depression.  Plaintiff alleges that "[u]pon intake [he] told the medical staff

11  that [he] was on prescription medication for anxiety and depression," but that he "was told

12  that [he] would have to wait until medical (Correctional Health Services) got [his] records

13  from the Arizona Department of Corrections."

14      In Count II, Plaintiff claims that his Eighth Amendment right to be free from cruel and

15  unusual punishment was violated "due to the deliberate indifference on the part of the

16  Maricopa County Sheriff's Department staff."  Plaintiff alleges that "[t]he defendant did not

17  respond to repeated attempts to find out about [his] medication" and Plaintiff "was placed

18  on suicide watch" after he "was finally taken to the clinic for an interview with a

19  psychiatrist."

20      In Count III, Plaintiff claims that his Eighth Amendment right to be free from cruel

21  and unusual punishment was violated "due to medical staff not forwarding [his] medical files

22  in a timely matter."  Plaintiff alleges that the "deliberate indifference of Defendant [Arizona

23  Department of Corrections] to get [his] chart to Defendant [Correctional Health Services]

24  caused all the problems outlined in detail in Counts [I] and [II]."

25      Plaintiff seeks compensatory and punitive monetary damages.

26  **IV.    Dismissal of Defendants**

27      **A.    Sheriff Joseph M. Arpaio**

28      To state a viable constitutional claim under 42 U.S.C. § 1983, Plaintiff must show an

affirmative link between the alleged injury and the conduct of an individual Defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

To state a claim against a state official, the civil rights complainant must allege that the official personally participated in the constitutional deprivation, or that a state supervisory official was aware of the widespread abuses and with deliberate indifference to the inmate's constitutional rights failed to take action to prevent further misconduct. King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); see also Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978); Williams v. Cash, 836 F.2d 1318, 1320 (11th Cir. 1988).

There is no liability under 42 U.S.C. § 1983 based on a theory of *respondeat superior*, and, therefore, a defendant's position as the supervisor of persons who allegedly violated a plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. at 691; West v. Atkins, 487 U.S. 42, 54 n.12 (1988); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984).

Although Plaintiff names Sheriff Joseph M. Arpaio as a Defendant in the Complaint, he has not described any specific conduct by Defendant Sheriff Arpaio that violated Plaintiff's constitutional rights and led to his injuries. Plaintiff does not mention Defendant Arpaio in the body of the Complaint. Moreover, Defendant Arpaio is not liable for violations of Plaintiff's rights during incarceration simply because, as the Maricopa County Sheriff, he is in charge of the county jails.

Accordingly, Defendant Sheriff Arpaio is subject to dismissal from this action for failure to state a claim upon which relief may be granted.

**B.    Correctional Health Services**

Correctional Health Services is also not a proper Defendant. Although Arizona places responsibility for operating county jails by law upon the county sheriff, the county is responsible for the provision of medical care to inmates, see Ariz. Rev. Stat. §§ 11-251(8), 11-291(A). Defendant Correctional Health Services is an administrative creation of Maricopa County and is not a "person" amenable to suit under § 1983. Therefore, Defendant

Correctional Health Services is subject to dismissal from this action for failure to state a claim upon which relief may be granted.

To the extent that Plaintiff is attempting to name the Director of Correctional Health Services as a Defendant, Plaintiff has failed to state a claim upon which relief may be granted against him or her because Plaintiff has not described any specific conduct by the Director that violated Plaintiff's constitutional rights and led to his injuries. Plaintiff does not mention the Director in the body of the Complaint and, because there is no liability under 42 U.S.C. § 1983 based on a theory of *respondeat superior*, the Director is not liable as the supervisor of persons who allegedly violated Plaintiff's constitutional rights. Monell, 436 U.S. at 691; West, 487 U.S. at 54 n.12; Ybarra, 723 F.2d at 680-81.

**C.      Arizona Department of Corrections**

Under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent. Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Furthermore, "a state is not a 'person' for purposes of section 1983. Likewise 'arms of the State' such as the Arizona Department of Corrections are not 'persons' under section 1983." Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted).

Accordingly, as an arm of the State, the Arizona Department of Corrections is not a proper Defendant, and is subject to dismissal from this action for failure to state a claim upon which relief may be granted.

To the extent that Plaintiff is attempting to name "medical staff" and "medical records staff" at the Arizona State Prison Complex-Eyman as Defendants, Plaintiff has failed to state a claim upon which relief may be granted against them because conclusory allegations that a group of defendants have violated a constitutional right are not acceptable. See Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); Rhodes v. Robinson, 612 F.2d 766, 772 (3d Cir. 1979).

## V.      Leave to Amend

Because no Defendants now remain, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

In any amended complaint, Plaintiff must write out short, plain statements telling the Court (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what that individual did or failed to do; (4) how the action or inaction of that person is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that person's conduct.  See Rizzo, 423 U.S. at 371-72, 377.  If the person named as a defendant was a supervisory official, Plaintiff must either state that the defendant personally participated in the constitutional deprivation (and tell the Court the five things listed above), or Plaintiff must state, if he can do so in good faith, that the defendant was aware of the similar widespread abuses, but with deliberate indifference to Plaintiff's constitutional rights, failed to take action to prevent further harm to Plaintiff (and tell the Court some facts to support this claim).  King, 814 F.2d at 568.

Plaintiff must repeat this process for each person he names as a defendant.  If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered by Plaintiff, the claim against that defendant will be dismissed for failure to state a claim.  Conclusory allegations that a defendant or group of defendants have violated a constitutional right are not acceptable and will be dismissed.

A first amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963

F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. King, 814 F.2d at 567.

With regard to any amended complaint that he may file, Plaintiff should note that as a pretrial detainee, he is protected by the Fourteenth Amendment's Due Process Clause, which establishes that "detainees have a right against jail conditions or restrictions that 'amount to punishment.'" Pierce v. County of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008). However, "[i]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" Bell v. Wolfish, 441 U.S. 520, 539 (1979). For a particular governmental action to constitute punishment, the action must cause the detainee to suffer some harm or disability, and the purpose of the action must be to punish the detainee. Demery v. Arpaio, 378 F.3d 1020,1029 (9th Cir. 2004) (citing Bell, 441 U.S. at 538). The harm or disability caused by the government's action "must either significantly exceed, or be independent of, the inherent discomforts of confinement." Id. at 1030 (citing Bell, 441 U.S. at 537).

Only deprivations denying the minimal civilized measure of life's necessities are sufficiently grave for a constitutional violation. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). These are "deprivations of essential food, medical care, or sanitation" or other conditions intolerable for prison confinement. Farmer v. Brennan, 511 U.S. 825, 832 (1970).

The Fourteenth Amendment standard is more protective than the Eighth Amendment standard; "[t]his standard differs significantly from the standard relevant to convicted prisoners, who may be subject to punishment so long as it does not violate the Eighth Amendment's bar against cruel and unusual punishment." Id.; Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004).

Although a pretrial detainee's right to receive adequate medical care derives from the substantive Due Process Clause of the Fourteenth Amendment, Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002) (citing Bell, 441 U.S. at 535), it is difficult to apply the

"punishment" standard to medical care claims in the same manner it is applied to conditions-of-confinement claims. See Pierce, 526 F.3d at 1206-1213 (addressing detainees' claims regarding reading materials, telephone access, holding cells, exercise, and other conditions at the county's jail facilities). The Due Process Clause, at a minimum, imposes the same duty to provide adequate medical care to those incarcerated as imposed by the Eighth Amendment. Gibson, 290 F.3d at 1187. Therefore, the Eighth Amendment standards governing medical care may be applied. See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986) ("the [E]ighth [A]mendment guarantees provide a minimum standard of care for determining [the plaintiff's] rights as a pretrial detainee, including his right to medical care").

To establish a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a plaintiff must demonstrate "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). This requires the plaintiff to satisfy both the objective and subjective components of a two-part test. Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002). First, the plaintiff must demonstrate that he or she suffered a serious medical need. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Second, the plaintiff must show that the defendant's response to that serious medical need was deliberately indifferent. "[D]eliberate indifference to a prisoner's serious medical needs is the 'unnecessary and wanton infliction of pain.'" Estelle, 429 U.S. at 104-05. An official is deliberately indifferent if he both knows of and disregards an excessive risk to an inmate's health. Farmer, 511 U.S. at 837. Mere negligence or medical malpractice does not establish a sufficiently culpable state of mind. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980). Also, a difference of medical opinion is insufficient to establish deliberate indifference. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).

**VI.    Warnings**

    **A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B.  Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C.  Copies

Plaintiff must submit an additional copy of every filing for use by the Court. <u>See</u> LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.  Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E.  Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted**.

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $1.51.

(3)    The Complaint (Doc. #1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)    **If** Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5)    The Clerk of Court **must mail** to Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 30th day of March, 2010.

James A. Teilborg
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: **OR** | Tucson Division: |
|---|---|
| U.S. District Court Clerk | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>        Attorney for Defendant(s)
>
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.


**FINAL NOTE**


You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| _____ , | ) | |
| (Full Name of Plaintiff)     Plaintiff, | ) | |
| | ) | |
| vs. | ) | **CASE NO.** _____ |
| | ) | (To be supplied by the Clerk) |
| (1)_____ , | ) | |
| (Full Name of Defendant) | ) | |
| (2)_____ , | ) | |
| | ) | **CIVIL RIGHTS COMPLAINT** |
| (3)_____ , | ) | **BY A PRISONER** |
| | ) | |
| (4)_____ , | ) | ☐ Original Complaint |
| Defendant(s). | ) | ☐ First Amended Complaint |
| ☐ Check if there are additional Defendants and attach page 1-A listing them. | ) | ☐ Second Amended Complaint |

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   - ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   - ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
   - ☐ Other: _____.

2. Institution/city where violation occurred: _____.

Revised 3/9/07 — footer

**550/555**

## B. DEFENDANTS

1. Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
  <span style="display:block; text-align:center;">(Position and Title)</span>         (Institution)

2. Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
  (Position and Title)         (Institution)

3. Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
  (Position and Title)         (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
  (Position and Title)         (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?  ☐ Yes  ☐ No

2. If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: _____
_____.

2. **Count I**. Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
   b. Did you submit a request for administrative relief on Count I? ☐ Yes ☐ No
   c. Did you appeal your request for relief on Count I to the highest level? ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**COUNT II**

1.  State the constitutional or other federal civil right that was violated: _____
    _____.

2.  **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
    ☐ Basic necessities          ☐ Mail            ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion     ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____.

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

    _____
    _____
    _____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available
        at your institution?                                                    ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count II?          ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level? ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why
        you did not. _____
        _____.

4

1.  State the constitutional or other federal civil right that was violated: _____
    _____.

2.  **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer    ☐ Threat to safety    ☐ Other: _____.

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____.

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

    _____
    _____
    _____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count III?      ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?      ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
        _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                          DATE                                          SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)
_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.